[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11499
Non-Argument Calendar

_____

D. C. Docket No. 03-00047-CR-AAA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLENE FFRIEND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 21, 2005)

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Charlene Ffriend appeals her conviction and 13-month sentence, imposed

after she pled guilty to conspiring to possess N-Benzylpiperazine ("BZP"), a

schedule I controlled substance, with intent to distribute, in violation of 21 U.S.C. § 846.[1] On appeal, Ffriend argues the detaining officer unlawfully expanded the scope and duration of the traffic stop, which led to discovery of 39,698 pills containing BZP. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999). We accept the district court's factual findings as true unless the findings are shown to be clearly erroneous. Id. All facts are construed in the light most favorable to the prevailing party below. United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). The district court's application of the law to the facts is reviewed de novo. Id.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. The Fourth Amendment's protections extend to "brief investigatory stops of persons or vehicles." United States v. Arvizu, 534 U.S. 266, 273, 122 S. Ct. 744, 750, 151 L. Ed. 2d 740 (2002).

---

[1] In her written plea agreement, Ffriend reserved her right to appeal the district court's denial of her motion to suppress evidence seized from her vehicle during a traffic stop conducted pursuant to Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

For brief investigatory stops, the Fourth Amendment is satisfied if the police officer has a "reasonable suspicion" to believe that criminal activity "may be afoot." Id. (citing Terry, 392 U.S. 1, 88 S. Ct. 1868).

We have held that, "[u]nder Terry v. Ohio, an officer's investigation of a traffic stop must be 'reasonably related in scope to the circumstances which justified the interference in the first place.'" United States v. Boyce, 351 F.3d 1102, 1106 (11th Cir. 2003) (citing Terry, 392 U.S. at 20, 88 S. Ct. at 1879). The stop must be of "limited duration," and may not last "any longer than necessary to process the traffic violation unless there is articulable suspicion of other illegal activity." Id. (citation omitted). The duration of the traffic stop "must be limited to the time necessary to effectuate the purpose of the stop." United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001). Ffriend does not challenge the legality of the initial stop or the length and scope of the 9-minute Terry stop, which started when her vehicle was pulled over and ended with the officer's issuance of a warning citation.

Where the initial traffic stop is legal, the officer has "the duty to investigate suspicious circumstances that then [come] to his attention." United States v. Harris, 928 F.2d 1113, 1117 (11th Cir. 1991) (citation omitted). Moreover, during a legal stop, an officer may ask questions, including questions not strictly related to

the traffic stop, while waiting for a computer check of registration or examining a driver's license. United States v. Hernandez, No. 04-11776, manuscript op. at 7 n.3 (11th Cir. July 29, 2005). Further questioning is permissible in two circumstances: (1) "the officer may detain the driver for questioning unrelated to the initial stop if he has an objectively reasonable and articulable suspicion illegal activity has occurred or is occurring" and (2) "further questioning unrelated to the initial stop is permissible if the initial detention has become a consensual encounter." United States v. Pruitt, 174 F.3d 1215, 1220 (11th Cir. 1999) (citation omitted); see also United States v. Boyce, 351 F.3d 1102, 1111 (11th Cir. 2003). For purposes of the latter situation, a consensual encounter does not implicate Fourth Amendment scrutiny unless it loses its consensual nature. See Florida v. Bostick, 501 U.S. 429, 434, 111 S. Ct. 2382, 2386, 115 L. Ed. 2d 389 (1991).

In the present case, the district court did not err by denying the motion to suppress based on the court's finding of fact that Ffriend gave her consent during a consensual encounter.[2] The district court's determination that consent was voluntary is a finding of fact that we will not disturbed absent clear error. United

---

[2]The detaining officer's basis for reasonable suspicion included (1) Ffriend's "bonding" with the car; (2) Ffriend's and her passenger's nervousness; (3) the inconsistencies in Ffriend's and her passenger's explanations of their trip; (4) Ffriend's assertion that she and her passenger were "cousins" when they were not related; and (5) the fact that Ffriend was headed from New York to Florida along Interstate 95, a known drug pipeline. We do not pass on the sufficiency of these circumstances to support reasonable suspicion -- the first situation discussed in Pruitt – since we conclude that the stop became a consensual encounter after issuance of the citation.

States v. Simms, 385 F.3d 1347, 1355 (11th Cir. 2004), cert. denied, 125 S.Ct. 1872 (2005).  The inquiry into the totality of the circumstances underlying consent is factual in nature and requires a court to consider several factors such as (1) the presence of coercive police procedures; (2) the extent of the defendant's cooperation with the officer; (3) the defendant's awareness of his right to refuse consent, the defendant's education and intelligence; and (4) the defendant's belief that no incriminating evidence will be found.  Id.  (citations and quotation marks omitted).

The record shows that the officer asked for consent to search only after issuance of the warning citation, when Ffriend began discussing topics unrelated to the traffic stop with the officer.  There is no evidence of coercive police procedures or that Ffriend at any point failed to cooperate with the officer who unambiguously informed Ffriend that she had a right to refuse consent. There is no indication that the officer accused Ffriend of criminal activity such that she would regard the request as a continuation of the investigative detention relating to the traffic stop. Quite simply, at the point when Ffriend gave consent, the events had devolved into a consensual encounter, as found by the magistrate judge, after an evidentiary hearing, and the district court.[3]  Accordingly, the encounter did not implicate

---

[3] Although, in the district court, Ffriend challenged the voluntariness of her consent, she has not briefed the issue of voluntariness in this Court.  Cf. United States v. Jernigan, 341 F.3d 1273,

Fourth Amendment concerns and the district court did not err by denying Ffriend's

motion to suppress.

**AFFIRMED.**

---

1283 n.8 (11th Cir. 2003) (holding that issues raised in passing in an initial brief are considered abandoned and not addressed by this Court). Moreover, we find no support for that argument in the record.